**F I L E D**

**UNITED STATES COURT OF APPEALS**

APR 17 2003

**TENTH CIRCUIT**

DENNIS TOMOSON,

     Plaintiff - Appellant,

v.

CROWLEY COUNTY
CORRECTIONAL FACILITY;
DOMINION; CORRECTIONAL
SERVICES CORPORATION;
CROWLEY CORRECTIONAL
SERVICES; MARK E. MCKINNA;
EDWARD G. RODENBECK; JACK J.
SEXTON; RANDY TATE; RONALD
MCCALL; JOHN R. THOMPSON;
CATHIE HOLST; DONALD
MORTON; JOHN W. SUTHERS;
KEN SALAZAR,

     Defendants - Appellees.

No. 02-1537
(D.C. No. 02-Z-1168)
(D. Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

Dennis Tomoson moves for leave to proceed *in forma pauperis* on his *pro se* appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. For the reasons set forth below, we deny his motion and dismiss the appeal.

Mr. Tomoson brought this civil rights action against a private Colorado correctional facility, alleging his transfer from a Washington state prison was illegal and in violation of his constitutional rights of liberty, equal protection, and due process. He sought ten million dollars in damages. The district court determined his claims were frivolous and dismissed the complaint. The court also denied Mr. Tomoson's motion for reconsideration. When a district court dismisses an action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), we review only for an abuse of discretion. *See Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992).

The district court carefully explained, both in its order of dismissal and again in its denial of reconsideration, the reasons why Mr. Tomoson's action is frivolous. Rec., docs. 7, 10. The court cited and explained specific statutory authority in both the states of Washington and Colorado that permits the transfer of inmates from one state to the other. *Id.*, doc. 7 at 3; *cf.* doc. 10 at 2-3. The court also cited federal case law regarding the frivolousness of a constitutional claim based on transfer to a private prison. *Id.*, doc. 7 at 3; *cf.* doc. 10 at 2-3 (citing *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983); *Montez v. McKinna*, 208

F.3d 862, 865-66 (10th Cir. 2000)).

To be granted *in forma pauperis* status, Mr. Tomoson must demonstrate the existence of a reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his action. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), we have construed Mr. Tomoson's complaint liberally, but we agree with the district court that the claims are frivolous.

Accordingly, we **DENY** *in forma pauperis* status, **DISMISS** this appeal, and **ORDER** immediate payment of the unpaid balance Mr. Tomoson owes to this court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge
